IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CARLOS SUAZO COREA, et al., | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No. 8:18-cv-01120-PX |
| SLDB, LLC, et al., | * | |
| Defendants | * | |

***

## MEMORANDUM OPINION

Pending before the Court is Plaintiffs Carlos Suazo Corea, Saturnino Romero Boquin, and Karen Reyes' third motion to approve settlement with consent of Defendants SLDB, LLC, Shen Lin, and David Beeker. ECF Nos. 23, 24. Plaintiffs filed this action alleging that Defendants failed to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Article ("LE") § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, LE § 3-501 *et seq.* ECF No. 1. For the reasons that follow, the Court GRANTS the parties' motion and approves the settlement.

### I. BACKGROUND

Plaintiffs worked as hourly employees in the kitchen of Defendants' restaurant, Sarku Japan. ECF No. 1 ¶¶ 1, 15. Plaintiffs allege that Defendants paid Plaintiffs one rate for all work, including for overtime. *Id.* The complaint avers that Corea is owed approximately $15,000 in overtime wages, Boquin is owed approximately $21,000 in overtime wages, and Reyes is owed approximately $4,000 in overtime wages. *Id.* ¶¶ 34–36.

On September 27, 2018, the parties jointly moved for the Court to approve a third

settlement agreement. ECF No. 23.[1] After informal discovery, Plaintiffs learned that, under their theory of the case, their unpaid overtime wages would be $7,112.35 for Corea, $17,758.29 for Boquin, and $2,115.55 for Reyes. *Id.* at 2. The settlement agreement provides Plaintiffs with 85% of their maximum potential recovery, in both overtime and liquidated damages, under the FLSA. *Id.* The agreement also provides $9,700 in attorneys' fees and costs. *Id.* The Plaintiffs' explained how their attorneys spent their time on the case and their hourly billing rates. *Id.* at 6–7. In the agreement, Defendants deny all liability to Plaintiffs. ECF No. 24 at 7. Finally, the agreement releases all claims, by each party, related to Plaintiffs' employment with Defendants. *Id.* at 6–7.

## II. STANDARD OF REVIEW

Because Congress enacted the FLSA to shield workers from substandard wages and working conditions arising from the unequal bargaining power between workers and employers, the FLSA's requirements generally cannot be modified, waived, or bargained away by contract or settlement. *See Brooklyn Saw Bank v. O'Neil*, 324 U.S. 697, 706 (1945). However, Court-approved settlement is an exception to this rule where "the settlement reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Saman v. LBDP, Inc.*, No. DKC 12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Acevedo v. Phoenix Pres. Grp., Inc.*, No. PJM 13-3726, 2015 WL 6004150, at *4 (D. Md. Oct. 8, 2015).

"In reviewing FLSA settlements for approval, 'district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*.'" *Hackett v.*

---

[1] The first motion to approve a settlement agreement was denied without prejudice for insufficient information in support. ECF No. 18. The second motion was orally withdrawn during a recorded conference call with the Court. ECF No. 21.

*ADF Rest. Invs.*, 259 F. Supp. 3d 360, 365 (D. Md. 2016) (quoting *Beam v. Dillon's Bus Serv., Inc.*, No. DKC 14-3838, 2015 WL 4065036, at *3 (D. Md. July 1, 2015)). More particularly, "[t]he settlement must reflect a 'fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Hackett*, 259 F. Supp. 3d at 365 (quoting *Beam*, 2015 WL 4065036, at *3)). The court considers (1) whether FLSA issues are actually in dispute; (2) the fairness and reasonableness of the settlement; and (3) the reasonableness of the attorneys' fees, if included in the agreement. *Hackett*, 259 F. Supp. 3d at 365. The Court addresses each factor in turn.

### III. ANALYSIS

#### A. Bona Fide Dispute

In determining whether a *bona fide* dispute over FLSA liability exists, the Court reviews the pleadings, any subsequent court filings, and the parties' recitals in the proposed settlement. *See Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08cv1310 (AJT/JFA), 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009). Here, Defendants "expressly deny any wrongdoing or liability of any kind." ECF No. 24 at 7. Defendants maintain that no labor laws were violated and that, even if there were violations, Defendants did not act willfully. ECF No. 23 at 3. Accordingly, the threshold factor of *bona fide* dispute is met.

#### B. Fairness and Reasonableness of the Settlement

Courts evaluate the fairness and reasonableness of a settlement based on six factors: (1) the extent of discovery undertaken; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of plaintiff's counsel; (5) the opinions of counsel; and (6) the probability of the plaintiff's success on the merits, and the amount of settlement contrasted with the potential recovery. *Hackett*, 259 F. Supp. 3d at 365.

The Court finds the agreement is fair and reasonable. The parties agree that discovery was "extensive" and that Plaintiffs' counsel had "all the useful information he could ever hope to obtain." ECF No. 23 at 3. The case is relatively "simple" and Plaintiffs' counsel believes this agreement is an "optimal resolution." *Id.* at 4. Plaintiffs' counsel has litigated over one hundred wage and hour cases. *Id.* Although the agreement includes a general release of claims related to Plaintiffs' employment, Defendants have fairly compensated Plaintiffs for the release. *See Duprey v. Scotts Co., LLC*, 30 F. Supp. 3d 404, 410 (2014). The recovery itself is fair and reasonable because it provides Plaintiffs with nearly the maximum potential recovery under the FLSA. Plaintiffs receive 85% of their alleged unpaid overtime, with an equal amount in liquidated damages. Given the dispute over Defendants' liability, this recovery is fair and reasonable.

### C. Reasonableness of Attorneys' Fees

The FLSA provides that "in addition to any judgment awarded to the plaintiff or plaintiffs," the Court must "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Courts in this district assess independently the reasonableness of requested fees even where the parties agree to a fee and represent that the fee was negotiated without regard to plaintiff's settlement amount. *Kianpour v. Rest. Zone Inc.*, No. DKC 11-0802, 2011 WL 5375082, at *3 (D. Md. Nov. 4, 2011) ("It would make little sense to require the amount of the fees to be reasonable where the plaintiffs prevail on the merits, but to abandon that requirement altogether where the parties agree to settle the case."); *accord Grissom v. The Mills Corp.*, 549 F.3d 313, 322–23 (4th Cir. 2008). The Court typically measures the reasonableness of the attorneys' fees by the lodestar method. *Johnson v. Heartland Dental, LLC*, No. PJM 16-2154, 2017 WL 2266768, at *4 (D. Md. May 23, 2017). The Court considers the

following factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between the attorney and client; and (12) the attorneys' fees awards in similar cases.

*Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978).

The parties seek $9,100 in attorneys' fees and $600 in filing and service costs. ECF No. 23 at 6. Plaintiffs had two attorneys working on the case. Justin Zelikovitz, who has over nine years of experience as an attorney, seeks compensation at $300 per hour. *Id.* at 5–6. Mr. Zelikovitz spent 14.3 hours on the case: 5.8 hours on pleadings, 6.2 hours on settlement negotiations, and 2.3 hours on case development, background investigation, and case administration. *Id.* at 5. Jonathan Tucker, who has been a practicing attorney for over eight years, also seeks compensation at $300 per hour. *Id.* at 5–6. He spent 15.7 hours on the case: 4.1 hours on pleadings and 11.6 hours on case development, background investigation, and case administration. *Id.* at 5. Plaintiffs' paralegals also spent 13.8 hours on case development, background investigation, and case administration. *Id.* The paralegals seek compensation at $100 per hour. *Id.* at 6.

Given that counsel represented three plaintiffs in this action, the Court finds that the number of hours spent on case development, background investigation, and case administration is reasonable. The Court also finds the time spent on pleadings and settlement negotiations is reasonable, and the hourly rates are presumptively reasonable under our Local Rules, Appendix B. Even though the requested attorneys' fees eclipse the amount recovered by one plaintiff, the

fees are nonetheless reasonable in recognition that "attorneys' fees may substantially exceed damages in FLSA cases." *Atkins v. Sunbelt Rentals, Inc.*, No. PWG 14-1717, 2016 WL 3647610, at *6 (D. Md. June 30, 2016). Accordingly, the Court approves the requested amounts in attorneys' fees and costs.

## IV.     CONCLUSION

For the foregoing reasons, the Court grants the third consent motion to approve settlement. A separate order will follow.


October 3, 2018_____         \_\_/S/_____
Date                                                                    Paula Xinis
                                                                        United States District Judge